CITY OF NEW HAVEN *v.* LOCAL 884, COUNCIL 4,
AFSCME, AFL-CIO
(13525)

O'CONNELL, SCHALLER and FREEDMAN, Js.

Argued May 1—decision released August 8, 1995

*Steven G. Mednick,* corporation counsel, with whom, on the brief, was *Karen A. Goodrow,* assistant corporation counsel, for the appellant (plaintiff).

*J. William Gagne, Jr.,* with whom, on the brief, was *Harry B. Elliott, Jr.,* for the appellee (defendant).

SCHALLER, J. The plaintiff city of New Haven appeals from the judgment of the trial court denying its application to vacate an arbitration award by the state board of mediation and arbitration (board). The dispositive issue on appeal is whether the trial court improperly denied the application to vacate the arbitration award on a finding that the arbitrators had committed misconduct in violation of General Statutes § 52-418 (a) (3). We reverse the judgment of the trial court and remand this case with direction to render judgment vacating the arbitration award.

The trial court found the following facts. On April 18, 1986, the plaintiff terminated the grievant, Benedetto Minichino, from his position as a sanitarian. The matter was brought to the board, and the plaintiff appealed to the trial court from an award in favor of the grievant. The matter was returned to the board, where each

party sought and received at least one continuance. It was then assigned for what was to be a final hearing on August 14, 1991.

Clifton E. Graves, Jr., the attorney handling the matter for the plaintiff, became ill the night before the scheduled hearing. Graves called the board offices the next morning and spoke first to the attorney for the defendant. She advised him that the granting of a continuance was the board's decision. The board chairperson then told Graves that the hearing would be held in his absence and that he could send someone else.

A proposed agreement was read to Graves after he spoke with counsel for the defendant, and Graves agreed to a resolution. The court concluded that although a continuance should have been granted, when Graves proceeded to negotiations, "he waived any defect in the proceedings up to that point."

The issue before us is whether the trial court was required to grant the application to vacate the arbitration award upon a finding that the arbitrators' failure to grant a postponement was misconduct in violation of the provisions of § 52-418 (a) (3).

Section 52-418 (a) provides in pertinent part: "Upon the application of any party to an arbitration, the superior court . . . *shall make an order vacating the award* . . . (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown . . . ." (Emphasis added.)

Our interpretation of § 52-418 (a) (3) is governed by "well defined principles of statutory interpretation that require us to ascertain and give effect to the apparent intent of the legislature." *State* v. *Blasko*, 202 Conn. 541, 553, 522 A.2d 753 (1987). "To determine the intent of the legislature, we first consider whether the statu-

tory language yields a plain and unambiguous resolution. . . . If the words are clear and unambiguous, it is assumed that [they] express the intention of the legislature . . . and we need inquire no further . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Mattioli*, 210 Conn. 573, 576, 556 A.2d 584 (1989). The statute is clear on its face that upon a finding of misconduct of the board, vacatur is mandatory.

The word *shall* has an accepted statutory meaning. "As used in statutes, contracts, or the like, this word is generally imperative or mandatory. . . . It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning . . . ." Black's Law Dictionary (6th Ed. 1990). As used in the statute, the word shall requires the trial court to vacate the arbitration award upon a finding of misconduct by the board.

The trial court, in its memorandum of decision, concluded that the board was guilty of misconduct pursuant to § 52-418 (a) (3) when it refused the city's request for a postponement on August 14, 1991: "The court agrees with the plaintiff's first claim, that it was improper to deny Graves a continuance because of illness. This same request under these circumstances made to this court would have produced an affirmative response and the matter would be reassigned. The court recognizes the need to move business and afford litigants speedy results. However, a sudden illness and the lack of an available replacement should not determine the rights of parties. *It was misconduct on the part of the board to refuse to postpone the hearing under these circumstances.*" (Emphasis added.)

"The concept of arbitral 'misconduct' does not lend itself to a precise definition but is, instead, best illus-

trated by example. See generally A. Rothstein, 'Vacation of Awards for Fraud, Bias, Misconduct and Partiality,' 10 Vand. L. Rev. 813 (1957). . . . An award may . . . be set aside on the basis of procedural error by an arbitration panel if, for instance, the panel arbitrarily denies a reasonable request for postponement of a hearing; *Fairchild & Co.* v. *Richmond, F. & P. R. Co.*, 516 F. Sup. 1305, 1313 (D.D.C. 1981); see *Two Sisters, Inc.* v. *Gosch & Co.*, 171 Conn. 493, 499 n.4, 370 A.2d 1020 (1976) . . . ." (Citations omitted.) *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, 203 Conn. 133, 146–47, 523 A.2d 1271 (1987). "The presumptive validity of consensual arbitration awards depends upon the underlying integrity of the arbitration process. When that integrity is tainted either by actual impropriety or the appearance of impropriety, the arbitration award cannot be permitted to stand. See *Commonwealth Coatings Corporation* v. *Continental Casualty Co.*, 393 U.S. 145, 147–48, 89 S. Ct. 337, 21 L. Ed. 2d 301 (1968), reh. denied, 393 U.S. 1112, 89 S. Ct. 848, 21 L. Ed. 2d 812 (1969)." *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, supra, 148.

The finding of misconduct pursuant to § 52-418 (a) (3) is a question of fact for the trial court. " 'The factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . This court cannot retry the facts or pass upon the credibility of the witnesses.' (Citations omitted.) *Holy Trinity Church of God in Christ* v. *Aetna Casualty & Surety Co.*, 214 Conn. 216, 223, 571 A.2d 107 (1990)." *Rosick* v. *Equipment Maintenance & Service, Inc.*, 33 Conn. App. 25, 40–41, 632 A.2d 1134 (1993). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . ." (Citations omitted;

internal quotation marks omitted.) Id., 41. We are unable to conclude, on the basis of the record before us, that the trial court's finding of misconduct was clearly erroneous.

Once a determination of misconduct was made, the trial court was required to vacate the award pursuant to § 52-418 (a) (3). The court failed to vacate the award, finding instead that "although the continuance should have been granted, once Graves went on to negotiate, he waived any defect in the proceedings up to that point." This issue need not have been reached by the court. Once a finding of misconduct was made, the court was required to vacate the award. It was improper as a matter of law for the trial court to consider the issue of waiver rather than order vacatur upon a finding of arbitral misconduct.

"Courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for adding them." *State* v. *Nelson*, 126 Conn. 412, 416, 11 A.2d 856 (1940). Section 52-418 (a) (3) is clear and unambiguous that, upon a finding of misconduct, an application to vacate must be granted. While it is true that the attorney for the city engaged in negotiations after being told by the board that the hearing would be held without him, the issue of waiver was not properly before the court. Once the court found misconduct by the board, § 52-418 (a) (3) required vacatur of the award.

Because we reverse on this claim, it is unnecessary to reach any of the plaintiff's other claims.

The judgment is reversed and the case is remanded with direction to grant the plaintiff's application to vacate the arbitration award.

In this opinion the other judges concurred.