## CITY OF NEW HAVEN v. LOCAL 884, COUNCIL 4, AFSCME, AFL-CIO
## (15307)

Peters, C. J., and Borden, Berdon, Katz and Palmer, Js.

---

Argued April 30—officially released June 18, 1996

*J. William Gagne, Jr.*, for the appellant (defendant).

*Steven G. Mednick*, corporation counsel, with whom was *Steven L. Samalot*, assistant corporation counsel, for the appellee (plaintiff).

KATZ, J. The plaintiff, the city of New Haven, discharged the grievant, Benedetto Minichino, from his position as a sanitarian on April 18, 1986. The state board of mediation and arbitration (board), after denying a continuance requested by the plaintiff due to its attorney's illness, issued an arbitration award in favor of the grievant. The plaintiff appealed to the trial court, which found misconduct on the part of the board pursuant to General Statutes § 52-418 (a) (3) on the basis of

the board's refusal to grant the continuance.[1] Because the trial court also found, however, that the plaintiff had waived any defect in the proceedings due to the board's misconduct, it denied the plaintiff's application to vacate the arbitration award. The Appellate Court reversed the judgment of the trial court, holding that the misconduct of the board required that the award be vacated. *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, 38 Conn. App. 709, 714, 662 A.2d 818 (1995).[2] The dispositive issue in this appeal is whether a party may waive misconduct, as defined in § 52-418 (a) (3), by an arbitration board. We conclude that a party may waive such misconduct, and that in this case the trial court properly found that the plaintiff had waived the misconduct on the part of the board.

The record discloses the following undisputed facts. Following the plaintiff's termination of the grievant's employment on April 18, 1986, the defendant, Local 884, Council 4, AFSCME, AFL-CIO, filed a grievance on his behalf with the board, which issued an award in favor of the grievant. The plaintiff appealed to the trial court and, following a complicated procedural history not relevant to this appeal, the matter was returned to the board, before which each party sought and received at least one continuance. The matter was then assigned for what was to be a final hearing on August 14, 1991.

Clifton E. Graves, Jr., then counsel for the plaintiff, became ill the night before the scheduled hearing. Graves telephoned the board offices the next morning

---

[1] General Statutes § 52-418 provides in pertinent part: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds . . . (3) . . . the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown . . . ."

[2] Because the Appellate Court considered this claim dispositive of the appeal, it did not reach any of the plaintiff's other claims. *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, supra, 38 Conn. App. 714.

and spoke first with counsel for the defendant, who advised him that the granting of a continuance was the board's decision. Graves spoke next with the board chairperson, who gave him three options: (1) attend the hearing in person; (2) send an alternate from the office of the corporation counsel; or (3) forfeit his right to be present at the hearing.

Graves testified that, because of the nature of his illness and the lack of time to prepare someone to take his place, no satisfactory alternate was available. The board and the defendant then proceeded with the hearing. The board drafted a proposed resolution, which the chairperson read to Graves over the telephone. Graves agreed to listen to the proposed resolution because, as he testified, "if in fact the board was determining to move forward, which I got clear indications that was the case, then the only alternative we had was perhaps in the best interest of the [plaintiff] to look at, or at least to listen to, the proposed resolution to this matter." Graves agreed to the proposed resolution, which was subsequently issued by the board as a written arbitration award.

The plaintiff filed an application to vacate the arbitration award in the Superior Court, claiming that the board's refusal to grant a continuance to Graves due to his illness was improper, and that the subsequent resolution Graves entered into was the result of coercion by the board. The defendant filed an application to confirm the award.

The trial court "agree[d] with the plaintiff's first claim, that it was improper to deny Mr. Graves a continuance because of illness. This same request under these circumstances made to this court would have produced an affirmative response and the matter would be reassigned. The court recognizes the need to move business and afford litigants speedy results. However, a sudden

illness and the lack of an available replacement should not determine the rights of parties. It was misconduct on the part of the board to refuse to postpone the hearing under these circumstances."

Nevertheless, the trial court concluded that the plaintiff had waived any defect in the proceedings and, consequently, decided not to vacate the award pursuant to § 52-418 (a) (3). The court had heard testimony by two members of the board. The chairperson testified that she had discussed the matter "fully and carefully" with Graves and had told him that he did not have to accept the resolution crafted by the board and counsel for the defendant. The management member of the board testified that he had explained the agreement to Graves and that Graves had told him that he was in complete agreement. The court, after considering these factual circumstances, explicitly stated that it did "not find that [the] agreement was the result of coercion, but was entered into freely and voluntarily."

In reaching that conclusion, the trial court noted that Graves was disadvantaged because he had been ill, had not been physically present during negotiations, and had been told that the matter would not be postponed. The court added, however, that Graves "was a practicing lawyer who is presumed to know the remedies he would have upon the denial of his request for a continuance. He also had a duty to protect his client, the plaintiff. Certainly, an award made over his objection would be more likely to be overturned than one in which he joined." The court further stated that, "[w]hile an attorney is an advocate and not a gladiator, there are times when one must resist persuasion, temptation and even coercion. . . . [E]ven if he felt they were exerting pressure on him, [Graves] should have been able to utilize his own free will and resist such tactics." The court concluded that, "[t]hough a continuance should have been granted, once Mr. Graves went on to negoti-

ate he waived any defect in the proceedings up to that point." Accordingly, the trial court denied the plaintiff's application to vacate the arbitration award.[3]

The plaintiff appealed from that judgment to the Appellate Court. The Appellate Court addressed the issue of whether the trial court had "improperly denied the application to vacate the arbitration award on a finding that the arbitrators had committed misconduct in violation of General Statutes § 52-418 (a) (3)." *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO,* supra, 38 Conn. App. 710. The Appellate Court concluded that, upon finding misconduct,[4] the trial court was required to grant the application to vacate the arbitration award and that the issue of waiver was, therefore, not before that court. Accordingly, the Appellate Court reversed the decision of the trial court. Id., 714. The defendant subsequently petitioned this court for certification to appeal,[5] which we granted. We reverse the judgment of the Appellate Court.

---

[3] The trial court also dismissed the plaintiff's claim, which was raised for the first time at the hearing before that court, that Graves lacked the authority to bind the plaintiff and had so advised board members. The court noted that three witnesses, the defendant's then counsel and two board members, denied that Graves had told them that he lacked authority. The court also noted that Graves had a duty to state in the proposed resolution that he required approval from his clients, which he had failed to do.

[4] With respect to the issue of whether misconduct occurred, § 52-418 (a) (3) specifically provides that arbitrators are guilty of misconduct "in refusing to postpone the hearing upon sufficient cause shown . . . ." In connection with this issue, the trial court found that Graves had become ill the evening before the hearing scheduled for August 14, 1991. Graves had telephoned immediately on the morning of August 14 and informed both the attorney for the defendant and the board chairperson of his illness. The parties have stipulated to the fact that Graves had been ill on August 14, 1991. The trial court found that illness was sufficient cause to postpone a hearing and that failure to do so constituted misconduct. The Appellate Court concluded that the trial court's finding of misconduct was not improper. Because of the posture of this case, as reflected by the certified question; see footnote 5; we assume, without deciding, that the trial court's conclusion of arbitral misconduct was correct.

[5] We granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that,

In their briefs to this court, the plaintiff and the defendant focus their arguments on whether the word "shall" in § 52-418 (a) (3) is mandatory or permissive. See footnote 1. The plaintiff argues that the language is mandatory, while the defendant argues that it is merely permissive. Because we conclude that under the circumstances of this case a party may waive his or her rights under § 52-418 (a) (3), regardless of whether the statutory language is mandatory or permissive, we focus on the issue of waiver.[6]

At oral argument, the plaintiff initially argued that the failure to postpone a hearing upon sufficient cause shown is the type of misconduct that goes to the integrity of the arbitral process and, therefore, may never be waived. The defendant argued in response that it would be nonsensical to hold that a failure to postpone a hearing is never a waivable defect. The defendant offered as an example a situation in which misconduct is expressly waived and neither party is prejudiced by such waiver, but the losing party then seeks to vacate the award on grounds of misconduct. The defendant also argued that, given the strong public policy favoring arbitration, and the resultant interest in upholding and preserving arbitration awards, it is inconsistent to require vacation of an arbitral award every time there is a finding of arbitral misconduct. The plaintiff conceded, in the face of these arguments, that § 52-418 (a) (3) rights may be explicitly waived. We agree with the defendant that misconduct under § 52-418 (a) (3) may be waived, either expressly or impliedly, by the injured party.

---

once the arbitration board had committed misconduct under General Statutes § 52-418 (a) (3), the issue of waiver by the plaintiff was not before the court and that § 52-418 (a) (3) required the vacating of the award?" *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO,* 235 Conn. 909, 665 A.2d 900 (1995).

[6] We therefore leave for another day the issue of whether the language of § 52-418 (a) (3) is mandatory or permissive.

Waiver is the "intentional relinquishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 2d 1461 (1938); *Advest, Inc.* v. *Wachtel*, 235 Conn. 559, 569, 668 A.2d 367 (1995). "In general, federal and state constitutional and statutory rights can be waived. See, e.g., *Johnson* v. *Manson*, 196 Conn. 309, 324, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787, reh. denied, 475 U.S. 1061, 106 S. Ct. 1290, 89 L. Ed. 2d 597 (1986); *Grecki* v. *New Britain*, 174 Conn. 200, 201–202, 384 A.2d 372 (1978)."[7] *Hensley* v. *Commissioner of Transportation*, 211 Conn. 173, 178, 558 A.2d 971 (1989). For example, "[a] criminal defendant has the capacity to waive many of his or her fundamental procedural rights. The defendant can waive the right to counsel; *Faretta* v. *California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *State* v. *Frye*, 224 Conn. 253, 617 A.2d 1382 (1992); the right to remain silent; *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); *State* v. *Roseboro*, 221 Conn. 430, 442, 604 A.2d 1286 (1992); the right to be present during trial; *State* v. *Simino*, 200 Conn. 113, 125–29, 509 A.2d 1039 (1986); and, by entering a guilty plea, the rights to trial by jury and to confrontation, and the right against self-incrimination. *Boykin* v. *Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State* v. *Badgett*, 200 Conn. 412, 417, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986)." *State* v. *Patterson*, 230 Conn. 385, 392, 645 A.2d 535 (1994), on appeal after remand, 236 Conn. 561, 674 A.2d 416 (1996).

Furthermore, various statutory and contract rights may be waived. For example, statutory time limits may

---

[7] Subject matter jurisdictional defects, however, cannot be waived. *State* v. *Garcia*, 233 Conn. 44, 62, 658 A.2d 947 (1995), on appeal after remand, 235 Conn. 671, 669 A.2d 573 (1996); *Sadloski* v. *Manchester*, 228 Conn. 79, 84, 634 A.2d 888 (1993).

be waived. *Stewart* v. *Tunxis Service Center*, 237 Conn. 71, 80–81, 676 A.2d 819 (1996) (parties may waive 120 day time limitation for judgments by workers' compensation commissioner under General Statutes § 31-300); *Torosyan* v. *Boehringer Ingelheim Pharmaceuticals, Inc.*, 234 Conn. 1, 5, 662 A.2d 89 (1995) (parties may waive 120 day time limitation for judgments in civil actions under General Statutes § 51-183b); *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, 233 Conn. 153, 173, 659 A.2d 138 (1995) (parties may waive thirty day time limitation in General Statutes § 49-14 (a) deficiency judgment procedure). Additionally, a party may waive objection to a trial court's erroneous exercise of personal jurisdiction if that party appears in the case, actively prosecutes the action or contests the issues; *In re Baby Girl B.*, 224 Conn. 263, 292, 618 A.2d 1 (1992); nonprejudicial defects in pleadings may be waived by contesting the case on its merits without questioning such defects; *Tedesco* v. *Stamford*, 215 Conn. 450, 457, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd on other grounds, 222 Conn. 233, 610 A.2d 574 (1992); an arbitration clause in a contract may be waived; *Advest, Inc.* v. *Wachtel*, supra, 235 Conn. 569; and parties may waive their rights under the compulsory arbitration statute, the Municipal Employees Relations Act, General Statutes § 7-467 et seq. *International Brotherhood of Police Officers, Local 564* v. *Jewett City*, 234 Conn. 123, 125, 661 A.2d 573 (1995). Given the general rule that rights may be waived and the strong public policy that favors arbitration;[8]

---

[8] "[O]ur courts have wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. . . . *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, 203 Conn. 133, 145, 523 A.2d 1271 (1987). Courts favor arbitration as a means of settling differences . . . . [I]ts autonomy requires a minimum of judicial intrusion. . . . *AFSCME, AFL-CIO, Council 15* v. *New Britain*, 206 Conn. 465, 469, 538 A.2d 1022 (1988). Judicial review of consensual arbitral awards, therefore, is of limited scope. . . . In addition, [e]very reasonable presumption and

*Garrity* v. *McCaskey*, 223 Conn. 1, 7, 612 A.2d 742 (1992); we see no reason to preclude a party's waiver of arbitral misconduct consisting of the failure to grant a continuance. We, therefore, conclude that such misconduct under § 52-418 (a) (3) may be waived by the injured party.

We have previously concluded that waiver may be either express; *International Brotherhood of Police Officers, Local 564* v. *Jewett City*, supra, 234 Conn. 125 (parties may expressly waive rights under compulsory arbitration statute); or inferred from the circumstances. *Torosyan* v. *Boehringer Ingelheim Pharmaceuticals, Inc.*, supra, 234 Conn. 5 (no requirement that waiver of statutory time limit for judgments in civil actions, General Statutes § 51-183b, be knowing and voluntary in constitutional sense; § 51-183b may be waived merely by parties' failure to object to trial court's exercise of jurisdiction); *State* v. *Patterson*, supra, 230 Conn. 392 (by failing to object in timely manner, defendant may waive equal protection rights against racially motivated peremptory challenges under *Batson* v. *Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 [1986]); *Tedesco* v. *Stamford*, supra, 215 Conn. 457 (failure to question defect in pleadings and contesting case upon merits is sufficient waiver); *Hensley* v. *Commissioner of Transportation*, supra, 211 Conn. 179 ("Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." [Citation omitted; internal quotation marks omitted.]). In the absence of a statutory

intendment will be made in favor of the [arbitral] award and of the arbitrators' acts and proceedings. . . . [Id.], 472. Thus, as the party challenging the award, the plaintiff bears the burden of producing evidence sufficient to demonstrate a violation of § 52-418. *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, supra, 145–46." (Citations omitted; internal quotation marks omitted.) *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, 237 Conn. 114, 118–19, 676 A.2d 825 (1996).

requirement that waiver of misconduct under § 52-418 (a) (3) be express, we decline to engraft such a requirement onto the statute. We therefore hold that waiver of misconduct may be inferred from the circumstances.

We must next review the trial court's determination that the plaintiff waived the board's misconduct in this case. See *Advest, Inc.* v. *Wachtel*, supra, 235 Conn. 569 (waiver is question of fact). "Our review of the trial court's determination is guided by the principle that, because waiver and estoppel are questions of fact; *New York Annual Conference of the United Methodist Church* v. *Fisher*, 182 Conn. 272, 300, 438 A.2d 62 (1980); we will not disturb the trial court's findings unless they are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.*, 217 Conn. 340, 350, 586 A.2d 567 (1991). "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witness." (Internal quotation marks omitted.) *Herbert S. Newman & Partners* v. *CFC Construction Ltd. Partnership*, 236 Conn. 750, 762, 674 A.2d 1313 (1996).

The conduct of the parties is important in determining waiver. *In re Baby Girl B.*, supra, 224 Conn. 292; *Lake Garda Co.* v. *Lake Garda Improvement Assn.*, 156 Conn. 61, 238 A.2d 393 (1968). In *Lake Garda Co.*, the case was discontinued from the docket in May, 1963, without objection by the defendant. The case remained in court but no further action could be taken "except by consent of the parties or by a waiver, express or implied, of any claim of lack of jurisdiction." *Lake Garda Co.* v. *Lake Garda Improvement Assn.*, supra, 65. The defendant subsequently moved for restoration of the case to the docket on December 7, 1963. The trial court granted the defendant's motion over the plaintiff's

opposition. In *Lake Garda Co.*, this court determined that, "[f]ar from consenting to or waiving objection to [the trial court's action of restoring a case to the docket], the plaintiff advanced strenuous opposition to it and steadfastly maintained that position thereafter." Id. This court, therefore, concluded that the trial court improperly had granted the defendant's motion. Id.

In this case, the plaintiff contends that any waiver had been coerced. Arguing that there is a distinction between an explicit and knowing waiver, and the situation in which a waiver is "hardly consensual," the plaintiff implies that because Graves did not *explicitly* waive the board's misconduct, the agreement was not consensual. This contention is contrary, however, to the findings of the trial court, which explicitly found that the agreement had been entered into freely and voluntarily by Graves and therefore was not the result of coercion. On the basis of our review of the entire record, we conclude that the trial court's findings are not clearly erroneous. Indeed, every indication is to the contrary. Graves, beyond his initial request for a continuance, did not protest the board's decision to go forward with the hearing. Rather, Graves entered into negotiations with counsel for the defendant and agreed to the proposed resolution. Furthermore, the member of the arbitration board whose responsibility it was to influence the neutral member of the board to adopt the plaintiff's position testified that, in a private conversation, he had been repeatedly reassured by Graves as to Graves' agreement with the proposed resolution.

The trial court also took into account the fact that Graves was an attorney who had a duty to protect the plaintiff and who was presumed to know his options in his field of practice. Our review of the record shows that Graves had been appointed by the mayor of New Haven to serve as deputy corporation counsel. His responsibilities in such capacity included oversight of the civil service commission, the commission on equal

opportunities and labor matters involving the board. Graves testified that his responsibilities primarily involved administrative issues, legal matters, and hearings and grievances. Further, Graves testified as to his prior personal experiences with requesting administrative continuances. He testified that he had participated in hearings before the board at which the other party had failed to appear and continuances had been granted. He also testified regarding situations in which the plaintiff had requested continuances in emergency situations, which continuances had been granted by the board.

We can find no reason to disturb the trial court's finding that Graves had waived any defect in the proceedings by continuing to negotiate, and eventually agreeing to, a resolution. The trial court's factual findings and ultimate conclusion are adequately supported by the record and are not clearly erroneous. See Practice Book § 4061; *Herbert S. Newman & Partners* v. *CFC Construction Ltd. Partnership*, supra, 236 Conn. 762; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, supra, 181 Conn. 221–22.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings.

In this opinion the other justices concurred.