[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM, OF DECISION ON DEFENDANT'S MOTION TO MODIFY JUDGMENT
This matter comes before the court on a motion by the CT Page 1925 defendant to modify an order entered by the court in the dissolution of the parties marriage.
The defendant claims that the court's order that he pay the mortgage, insurance and taxes on the family home is in the nature of periodic alimony or child support and is modifiable under General Statutes § 46b-82 due to a change in circumstances. The defendant seeks to terminate his obligations in this regard and seeks an order directing the sale of the family home in accordance with the terms set forth in the judgment. The plaintiff argues that the mortgage, insurance and tax obligations are nonmodifiable property assignments.
The judgment, which incorporates a stipulation entered into between the parties, sets forth the following pertinent provisions:
 1. That custody of the two minor children: Amy Lorraine Page, D.O.B., 7/10/76 and Sarah Jane Page, D.O.B., 7/15/82 is awarded to the Plaintiff with reasonable rights of visitation to the Defendant as set forth in the family relations study dated April 6, 1992 and filed with the Court on April 24, 1992.
 2. Based on the Defendant's current financial affidavit, child support for each child will be $50.00 per week for a total of $100.00 a week during the months of November through March, and $60.00 in child support for each child per week for a total of $120.00 per week during the months of April through October. The amount of child support slightly below the child support guidelines. The deviation from the guidelines is equitable based on the terms and conditions of this agreement.
 3. The marital property known as 30 Buttonball Road in Old Lyme, Connecticut is to be divided equally between the parties; with the Plaintiff having exclusive possession of the home. The home is to be sold upon death, remarriage, cohabitation of the Plaintiff, or when the last child reaches the age of eighteen, or the Plaintiff is no longer using the home as her primary residence.
CT Page 1926
 4. The Defendant shall pay the mortgage, insurance and taxes on the property known as 30 Buttonball Road, Old Lyme, Connecticut until the last child reaches the age of eighteen.
***
13. And neither party is awarded alimony.
Subsequently, the court, Austin, J., modified the judgment by awarding the defendant sole custody of the minor child and vacating the support order of $60.00 per week. The defendant filed the present motion on the basis of this change in circumstances.
General Statutes § 46b-86 (a) "confers on the court continuing jurisdiction, except where precluded by the decree, to modify orders for the periodic payment of permanent or pendente lite alimony or support upon a showing of a substantial change in the circumstances of either party."Bunche v. Bunche, 180 Conn. 285, 289 (1980). "By its terms, the statute deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes § 46b-81." Id.
In determining whether a particular award is in the nature of alimony or a division of property, the characterization made by the trial court is controlling.Passamano v. Passamano, 228 Conn. 85, 90 (1993). "When the decree is silent as to the characterization of an order, an analysis of the structure of dissolution decree is highly instructive; . . . and an ambiguous order should be examined in the context of the entire decree." (Citation omitted.) Id., 91. It is well-settled that, in family relations cases, a judgment rendered in accordance with an agreement or a stipulation of the parties is regarded as and construed as a contract. Tremaine v. Tremaine, 235 Conn. 45, 56-7 (1995). "In construing a contract the controlling factor is normally the intent expressed in the contract, not the intent which the parties may have had or which the court believes they ought to have had." (Internal quotation marks omitted.) Zadravecz v.Zadravecz, 39 Conn. App. 28, 31 (1995). CT Page 1927
In support of his motion, the defendant relies onPassamano v. Passamano, supra, 228 Conn. 85. At issue inPassamano was whether, under the circumstances of that case, an order that the former spouse pay the mortgage and real estate taxes on the marital home was a judicially modifiable order of alimony rather than an assignment of property. The home was to be sold when the youngest child reached the age of eighteen and the proceeds divided equally between the parties. The defendant argued that the obligation to pay the mortgage and taxes was an order of child support and, therefore, the children having reached the age of eighteen, the obligation terminated. The court determined that, in view of the plaintiff's waiver of alimony and the absence of an alimony award in the stipulation or decree, the mortgage and tax payments did not constitute alimony.
The court next considered whether the order to pay the mortgage and taxes was an order of child support. The court stated that the placement of the order to make the mortgage and tax payments in the same paragraph as the order to sell the marital home and divide the proceeds was strong evidence that these obligations were intended to constitute an assignment of property. Secondly, the court noted that the decree contained a provision that if the defendant failed to make the payments the deficiency would be deducted from his share of the equity upon the sale of the home. The court found that the order to make the mortgage and tax payments, together with the order that the plaintiff maintain and pay for homeowner's insurance, constituted a structure for the division of an asset, the marital home.
The defendant in this case argues that the obligation to pay the expenses on the family home constitutes periodic alimony. He claims that because his payment obligations are contingent on events such as the plaintiff's remarriage or cohabitation, circumstances relating to the plaintiff's financial needs, the payment obligations were viewed by the court as alimony.
The defendant's argument is without merit because the parties expressly waived alimony. The stipulation entered into between the parties states that "[b]oth parties waive any claim that they may have to alimony." The judgment incorporates this agreement. Accordingly, the defendant's assertion that the stipulation and the judgment "merely state CT Page 1928 that neither party was to receive alimony" is inaccurate. "[A]ny ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Internal quotation marks omitted.)Tremaine v. Tremaine, supra, 235 Conn. 57. The language of the decree is clear and unambiguous.
The defendant's attempt to distinguish the waiver made in this case from the one made in Passamano is unavailing. The defendant argues that the plaintiff in Passamano made an unusually forceful, explicit and permanent waiver of periodic alimony on the record" and that there is no evidence of such a waiver here. A waiver is an intentional relinquishment of a known right. New Haven v. Local 884. Council 4, AFSCME,AFL-CIO, 237 Conn. 378, 385 (1996). It is, by its nature, permanent. The legal effect of a waiver is not measured in degrees.
The defendant also argues that the payment obligations constitute child support. He contends that the statement in the decree that the amount of child support, although below the child support guidelines, is equitable based on the terms of the agreement, creates an inference that the payments were for child support. The defendant assumes that the terms of the agreement to which the court referred are those requiring the payment of the mortgage, insurance and taxes. The judgment is not so specific. It states that "[t]he deviation from the guidelines is equitable based on the terms and conditions of this agreement." Evidently, the deviation from the child support guidelines was based on the terms of the judgment as a whole.
The defendant argues that, unlike the order in Passamano,
the order for payment of the mortgage, insurance and taxes constitutes child support because it is in a paragraph separate from that ordering division of the proceeds from the sale of the family home. See Passamano v. Passamano, supra,228 Conn. 92 (stating that [t]he placement of the order to make mortgage and tax payments in the same paragraph as the order to sell the marital home and divide the proceeds is strong evidence that these obligations were intended to constitute an assignment of property.").
The defendant correctly asserts that the order to pay the mortgage, insurance and taxes is in a paragraph separate from CT Page 1929 the order for sale of the family home and that the payment order directs the defendant to make the payments until the last child reaches the age of eighteen. These facts do not, however, compel the conclusion that payments constitute child support. In Passamano, the court stated at page 94:
 "Most importantly, in assigning an asset of the parties pursuant to § 46b-81, the court has jurisdiction to assign possession of the asset until the occurrence of a future event, such as the children reaching their majority, even though the court does not retain jurisdiction to modify the assignment of the property subsequent to the decree . . . It stands to reason that if the trial court, when making a division of property under § 46b-81, can assign a party the exclusive possession of the marital home for a period of years followed by a sale and division of the equity, it can also order one of the parties, in accordance with the parties' agreement, to pay the monthly mortgage payments and the real estate taxes during that period of time as part of the division of the real property." (Citation omitted.)
The obligation to pay the mortgage, insurance and taxes on the family home is part of the structure for the division of property. Passamano v. Passamano, supra, 228 Conn. 93.
Accordingly, the defendant's motion is denied.
Hendel, J.