CITY OF NEW HAVEN *v.* LOCAL 884, COUNCIL 4, AFSCME, AFL-CIO (13525)

O'Connell, Schaller and Freedman, Js.

Submitted December 18, 1996—officially released April 22, 1997

*Steven G. Mednick*, corporation counsel, with whom was *Steven L. Samalot*, assistant corporation counsel, for the appellant (plaintiff).

*J. William Gagne, Jr.*, for the appellee (defendant).

SCHALLER, J. This case, in which the plaintiff appeals from the judgment of the trial court denying its application to vacate an arbitration award by the state board of mediation and arbitration, comes to us on remand from our Supreme Court. *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, 237 Conn. 378, 677 A.2d 1350 (1996).

The record disclosed the following undisputed facts. "Following the plaintiff's termination of the grievant's employment on April 18, 1986, the defendant, Local 884, Council 4, AFSCME, AFL-CIO, filed a grievance on his behalf with the board, which issued an award in favor of the grievant. The plaintiff appealed to the trial court and, following a complicated procedural history not relevant to this appeal, the matter was returned to the board, before which each party sought and received at least one continuance. The matter was assigned for what was to be a final hearing on August 14, 1991.

"Clifton E. Graves, Jr., then [deputy corporation] counsel for the plaintiff, became ill the night before the scheduled hearing. Graves telephoned the board offices the next morning and spoke first with counsel for the defendant, who advised him that the granting of a continuance was the board's decision. Graves spoke next with the board chairperson, who gave him three options: (1) attend the hearing in person; (2) send an alternate from the office of the corporation counsel; or (3) forfeit his right to be present at the hearing.

"Graves testified that, because of the nature of his illness and the lack of time to prepare someone to take his place, no satisfactory alternate was available. The

board and the defendant then proceeded with the hearing. The board drafted a proposed resolution, which the chairperson read to Graves over the telephone. Graves agreed to listen to the proposed resolution because, as he testified, 'if in fact the board was determined to move forward, which I got clear indications that was the case, then the only alternative we had was perhaps in the best interest of the [plaintiff] to look at, or at least to listen to, the proposed resolution to this matter.' Graves agreed to the proposed resolution, which was subsequently issued by the board as a written arbitration award." *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, supra, 237 Conn. 380–81.

Subsequently, the plaintiff filed an application to vacate the arbitration award in the Superior Court, which the trial court denied. The plaintiff appealed to this court from that judgment. We held that the trial court improperly denied the application to vacate the arbitration award upon determining that the arbitrators had committed misconduct in violation of General Statutes § 52-418 (a) (3). *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, 38 Conn. App. 709, 714, 662 A.2d 818 (1995). The defendant subsequently petitioned the Supreme Court for certification. The Supreme Court granted certification,[1] reversed the judgment of this court[2] and remanded the case to us for further proceed-

[1] Our Supreme Court granted certification limited to the following issue: "Did the Appellate Court properly conclude that, once the arbitration board had committed misconduct under General Statutes § 52-418 (a) (3), the issue of waiver by the plaintiff was not before the court and that § 52-418 (a) (3) required the vacating of the award?" *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, supra, 237 Conn. 383–84 n.5.

[2] In *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, supra, 237 Conn. 378, our Supreme Court held that misconduct under § 52-418 (a) (3) may be waived expressly or impliedly by either party and that the trial court's factual finding and conclusion that the city's attorney waived the misconduct by continuing to negotiate was not clearly erroneous.

ings. We therefore address the plaintiff's remaining claims.[3]

The plaintiff claims that the trial court improperly refused to vacate the arbitration award on the ground that the plaintiff's attorney lacked authority to bind it to the proposed resolution. The court did not make any findings or conclusions on this claim. Instead, it disposed of this issue by stating that "[t]his claim, raised for the first time at the hearing, that [Graves] lacked the authority to bind the plaintiff city . . . appears to the court to be an afterthought. . . . It was not placed in the stipulation and if he did require some approval from his client, he had a duty to ensure that it was placed in the stipulation." We interpret the trial court's statements to constitute a determination that, even if Graves lacked authority to bind the plaintiff to the arbitration award, the claim was waived because he did not note the lack of authority in the proposed resolution.[4]

---

[3] The plaintiff's second claim on appeal is that the trial court improperly failed to consider whether the award should be vacated on collateral estoppel and res judicata grounds. As the plaintiff points out, the trial court did not decide the issues of collateral estoppel or res judicata or even refer to them in its memorandum of decision. The plaintiff acknowledges that it made no request for articulation to the trial court. See Practice Book § 4051. The defendant argues that the plaintiff has not provided an adequate record for review. We agree and decline to address these issues. "It is the responsibility of the appellant to provide an adequate record for review." Practice Book §§ 4007, 4061. The plaintiff's third claim is that the trial court improperly refused to consider evidence of the proceedings concerning the plaintiff's collateral estoppel and res judicata claims. In view of our determination on the second claim we need not address this claim.

[4] The plaintiff correctly argues that the court's memorandum of decision does not comply with Practice Book § 4059 in that it does not state the court's legal decision or state the factual basis of its conclusion on the issue of whether the award should be vacated because it was based on a proposal agreed to by the plaintiff's attorney without authority. We note, however, that the appellant has the duty to provide an adequate record for review under Practice Book §§ 4007 and 4061 and must, under proper circumstances, move for articulation under Practice Book § 4051. In this case, the appellant has failed to provide an adequate record and failed to move for an articulation on the authority issue. Those failures are not fatal to the

We conclude first that the trial court improperly determined that the plaintiff's agent had a duty to include in the proposed resolution the extent or limitations of his authority and power. "[A]ll who contract with a municipal corporation are charged with notice of the extent of . . . the powers of municipal officers and agents with whom they contract, and hence it follows that if the . . . agent had in fact no power to bind the municipality, there is no liability on the express contract . . . . *Norwalk* v. *Board of Labor Relations*, 206 Conn. 449, 452, 538 A.2d 694 (1988). Thus, every person who deals with [a municipal corporation] is bound to know the extent of its authority and the limitations of its powers. *John J. Brennan Construction Corp., Inc.* v. *Shelton*, 187 Conn. 695, 704, 448 A.2d 180 (1982); see *Keeney* v. *Old Saybrook*, [237 Conn. 135, 149, 676 A.2d 795 (1996)]." (Internal quotation marks omitted.) *Fennell* v. *Hartford*, 238 Conn. 809, 814, 681 A.2d 934 (1996). " 'The city attorney cannot go beyond the powers conferred upon him. . . . Generally he has no authority to compromise claims, so that an unauthorized compromise is not binding on the municipality.' " *Norwalk* v. *Board of Labor Relations*, supra, 452. " 'It has been well established that a city's charter is the fountainhead of municipal powers . . . . The charter serves as an enabling act, both creating power and prescribing the form in which it must be exercised. . . . Agents of a city . . . have no source of authority beyond the charter.' " *Fennell* v. *Hartford*, supra, 813. " 'Generally, no officer or board . . . has power to bind the municipal corporation by contract, unless duly empowered by statute, the charter, or authority conferred by the common council, where the latter may so delegate powers . . . .' " Id., quoting 10 E. McQuillan, Municipal Corporations (3d Ed. Rev. 1990) § 29.15, p.

plaintiff's claim, however, because of our determination that the trial court improperly decided the issue on the basis of waiver.

315; see *Keeney* v. *Old Saybrook*, supra, 145–46. "Where the municipal charter prescribes a particular procedure by which a specific act is to be done or a power is to be performed, that procedure must be followed for the act to be lawful." *Caldrello* v. *Planning Board*, 193 Conn. 387, 391, 476 A.2d. 1063 (1984).[5]

We also conclude that the trial court improperly determined that the plaintiff waived any claim that its agent lacked authority to bind it to the arbitration award. There was no indication from the record that the plaintiff empowered Graves with the express authority to waive any of the its claims regarding the extent of his authority. There being no express authority, therefore, it is necessary to look to the facts to determine whether there was apparent authority.

"The rules that govern the determination of apparent authority in an agent require an examination of the acts of the principal, rather than of the agent." *Norwalk* v. *Board of Labor Relations*, supra, 206 Conn. 451. "Apparent authority is that semblance of authority which a principal, through his *own* acts or inadvertences, causes or allows third persons to believe his agent possesses." (Emphasis added; internal quotation marks omitted.) Id. Apparent authority is to be determined not by the agent's own acts but by those of the principal. *Zazzaro*

[5] Although the plaintiff did not introduce the city charter into evidence, there was testimony from Graves and the defendant's counsel as to the authorization procedure for the settlement to be effective. Graves testified that he had no authority to bind the plaintiff, and that any resolution had to be approved by corporation counsel, the board of finance and other city officials. He further testified that the practice of the office of the corporation counsel was such that Graves could only agree "in principle" to the proposed resolution, and that the final resolution had to be presented to the board of finance. He also stated that he believed that he had made clear to the defendant's attorney, as well as to the board, that the proposal required confirmation by the plaintiff. The defendant's counsel testified that she was aware of settlements with the city attorney where approval is necessary by the board of finance or some other administrative body.

v. *Universal Motors, Inc.*, 124 Conn. 105, 111, 197 A. 884 (1938). Here, there is no evidence that the plaintiff, through its own actions, ever caused or allowed the defendant, or the trial court for that matter, to believe that Graves possessed the authority to waive its claim, or knowingly permitted him to waive its claim. Therefore, Graves did not possess the apparent authority to waive the plaintiff's claim.

The defendant argues, alternatively, that even if Graves did not possess the authority to bind the plaintiff to the arbitration award, the plaintiff ratified the proposed resolution by its subsequent inaction. This claim has no merit. "A municipality may become bound to an agreement, despite its agent's lack of authority, by a subsequent ratification of the agreement. Ratification by the municipal body with power to do so has the equivalent effect of a prior authorization and binds the municipality just as though authority had been given initially." *Norwalk* v. *Board of Labor Relations*, supra, 206 Conn. 453. Ratification requires acceptance of the results of an agent's actions with full knowledge of the circumstances. *Botticello* v. *Stefanovicz*, 177 Conn. 22, 28, 411 A.2d 16 (1979). In this case, the plaintiff took no steps to accept the results of the proposed resolution. On the contrary, the plaintiff's affirmative acts in pursuing litigation regarding the application to vacate the award and in refusing to comply with its terms demonstrate that it rejected the proposed settlement.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.