[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#215) AND OBJECTION (#217)
In the law, sometimes "shall" means "may." The plaintiff, Gustavo Vaillant, moves to dismiss the apportionment complaint filed by the defendant/apportionment plaintiff, Carl LaBianca, against the apportionment defendant, Alvira Pierce, on the ground that this court does not have subject matter jurisdiction. The plaintiff contends that, pursuant to General Statutes § 52-102b (a), more than 120 days have passed from the return date of the plaintiff's complaint to the filing of the apportionment complaint. The defendant/apportionment plaintiff asserts that there was no return date contained on the summons of the plaintiff's complaint and that General Statutes § 52-102b (a) is directory rather than mandatory and that, therefore, the motion should be denied.
"Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Haigh v. Haigh, 50 Conn. App. 456, CT Page 10189 460-61, 717 A.2d 837 (1998). In addition, there is a preference "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.)Coppola v. Coppola, 243 Conn. 657, 665, 707 A.2d 281 (1998). In Ketchalev. Unger, Superior Court, judicial district of New Haven at New Haven, Docket No. 396218 (July 15, 1998, Levin, J.) (22 Conn.L.Rptr. 418), the court found the language in § 52-102b (a) directory because: (1) there is no language invalidating the apportionment complaint if brought after 120 days; (2) the 120 day requirement is stated in affirmative terms unaccompanied by negative words; (3) the legislature chose to use negative language in other provisions of § 52-102b evincing discriminatory deliberation and; (4) the legislative history of the statute shows no intent for the requirement to be mandatory. This court agrees.
Furthermore, the lack of a return date on the plaintiff's summons and complaint is not ultimately determinative under the facts. See Regan v.State Department of Social Services, Superior Court, judicial district of New Haven, Docket No. 379879 (July 31, 1996, Corradino, J.) (17 Conn. L. Rptr. 263) (lack of a return date, like a defective return date, is not presumptively prejudicial to require the granting of a motion to dismiss.) Here, it is the non-moving party, the defendant/apportionment plaintiff who is criticizing that there is no return date and the plaintiff, the moving party, has not demonstrated how he would be prejudiced if the motion to dismiss was denied. Moreover, the plaintiff's own complaint, dated May 21, 1999, could be prone to a motion to dismiss because the lack of a return date would deny this court subject matter jurisdiction. See Datacom Results, Inc. v. Castro, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 704134 (March 21, 1996,Hennessey, J.) (16 Conn.L.Rptr. 273). It would be inappropriate to grant the plaintiff's motion to dismiss since the defendant/apportionment plaintiff waived and gave consent to the plaintiff's own defect. See NewHaven v. Local 884, 237 Conn. 378, 386, 677 A.2d 1350 (1996).
Accordingly, since the requirement of § 52-102b (a) is directory and not mandatory and because the lack of a return date on the plaintiff's antecedent complaint to the apportionment complaint is irrelevant for the purposes of this motion, the plaintiff's motion to dismiss is hereby denied.
KARAZIN, J.