[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Cynthia Zbras and Peter Zbras, are the owners of property located at 26 Autumn Ridge Road, Oxford, Connecticut. The defendants, Thomas Knecht, Thomas Knecht, dba Concrete Unlimited, and Concrete Unlimited, LLC, are a construction company involved with the installation of concrete. The defendant, Guy Burnham, is a foreman for Concrete Unlimited. The defendant, National Grange Mutual Insurance Company (National Grange), is the liability insurer for Concrete Unlimited. The defendant, Glenn Riccardi, is an insurance adjuster, working for another company that was hired by National Grange.
The plaintiffs have filed a four count complaint against the defendants. The complaint alleges that the plaintiffs hired Concrete Unlimited to do concrete work at their home. The work included pouring a concrete slab in the basement of the home. After the work was completed, the concrete slab cracked. Concrete Unlimited was called to correct the crack. Guy Burnham, a foreman acting as an agent of Concrete Unlimited, cut out a piece of the concrete in the vicinity of a door leading from the basement to the back yard. As the cut caused a hole in the concrete, he covered the hole with a piece of plywood before leaving the job for the day. At some point thereafter, Glenn Riccardi examined the hole to determine the extent of the damage, as part of a claim made by Concrete Unlimited to their insurer, National Grange. The complaint alleges that Glenn Riccardi moved the plywood which covered the hole but did not properly replace the plywood. While stepping from the basement to the back yard, Cynthia Zbras caught her foot between the edge of the plywood and the hole, causing her to fall and sustain injuries.[1]
The complaint is in four counts. The first count is against Thomas Knecht, Thomas Knecht dba Concrete Unlimited, Concrete Unlimited, LLC and Guy Burnham. The count alleges that the plaintiff's injuries were caused by the negligence of Guy Burnham, acting as an agent of the other defendants in that count, for leaving the premises in an unsafe and dangerous condition and for failing to warn others of the dangerous condition. The second count is against the same defendants for creating a private nuisance. The third count is against Glenn Riccardi and National Grange. The count alleges that the plaintiff's injuries were caused by the negligence of Glenn Riccardi, acting as an agent of National Grange, for leaving the premises in an unsafe and dangerous condition and for failing to warn others of the dangerous condition. The fourth count is against the same defendants for creating a private nuisance.
The defendants, Thomas Knecht, Thomas Knecht dba Concrete Unlimited, Concrete Unlimited, LLC and Guy Burnham filed an answer, denying the allegations of the complaint. They also raised the special defense of the CT Page 4869 contributory negligence of the plaintiff. The defendant, National Grange, filed an amended answer denying the allegations of the complaint but specifically denying that any agency relationship existed between the company and Glenn Riccardi. National Grange filed two special defenses. The first special defense raised the contributory negligence of the plaintiff. The second claimed that Glenn Riccardi was not an employee or agent of National Grange but was acting as an independent contractor. Glenn Riccardi filed a pro se appearance and a general denial in his answer. He also pleaded the special defense of contributory negligence of the plaintiff. The plaintiff replied, denying each of the special defenses.
The defendant, National Grange, has moved for summary judgment on the third and fourth counts. In support of their motion, National Grange has filed two memorandums of law, the affidavit of Kathleen A. Agresti, an adjuster for the company who is handling the claim, as well as responses of the plaintiff, Cynthia Zbras, to requests for admissions. The plaintiff has filed two memorandums of law in opposition to the motion for summary judgment, as well as the affidavit of Cynthia Zebras.[2]
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732,751, 660 A.2d 810 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Appleton v. Board of Education, supra, 209. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 379, 260 A.2d 596 (1969).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Maffucciv. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998). "[T]he party opposing such a motion must provide an evidentiary CT Page 4870 foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board of Education, supra, 254 Conn. 209.
National Grange moves for summary judgment. The company's position is that there is no genuine issue that Glenn Riccardi was neither an employee nor an agent of National Grange, but was an independent contractor. As an independent contractor, National Grange should not be vicariously liable for the negligence of Glenn Riccardi.[3]
"[A] fundamental principle of our tort law is that ordinarily [a party] should be held liable for compensating harm only when he has caused that harm through his own fault. The principle of liability for individualized fault is the norm, whereas vicarious liability is regarded as an exceptional solution." (Citation omitted; internal quotation marks omitted.) Ray v. Schneider, 16 Conn. App. 660, 669, 548 A.2d 461 (1988) "Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other. Its true basis is largely one of public or social policy under which it has been determined that, irrespective of fault, a party should be held to respond for the acts of another." (Citation omitted; internal quotation marks omitted.) Alvarez v. New Haven Register, Inc., 249 Conn. 709, 720,735 A.2d 306 (1999). "In vicarious liability situations, the law has . . . broaden[ed] the liability for that fault by imposing it upon an additional, albeit innocent, defendant. . . ." (Citations omitted; internal quotation marks omitted.) Gazo v. City of Stamford, 255 Conn. 245,257, 765 A.2d 505 (2001)
If Glenn Riccardi was acting as an employee or an agent of National Grange at the time he is alleged to have acted negligently, National Grange, the principal, may be found to be vicariously liable. "The principal [in an agency relationship] is bound by, and liable for, the acts which his agent does with or within the actual or apparent authority from the principal . . ." 3 A.Jur.2d, Agency § 270 (1986). If Glenn Riccardi was an independent contractor, however, under most circumstances, National Grange would not be liable for any negligence Glenn Riccardi may have committed. "Under the general rule, an employer is not liable for the negligence of its independent contractors." Gazov. City of Stamford, supra, 255 Conn. 256; see also Raboin v. NorthAmerican Industries, Inc., 57 Conn. App. 535, 539, 749 A.2d 89, cert. denied, 254 Conn. 910, 759 A.2d 504 (2000). "There are, however, several exceptions to the nonliability rule. For example, where the employer retains control of the premises or supervises the work of the contractor, or where the work to be performed by the contractor is inherently dangerous, or where the employer has a nondelegable duty to CT Page 4871 take safety precautions imposed by statute or regulation, the employer may be vicariously liable to others for the negligent acts of the independent contractor." Ray v. Schneider, supra, 16 Conn. App. 664;Raboin v. North American Industries, Inc., supra, 57 Conn. App. 539.
Ordinarily, the question of whether someone is acting as an agent on behalf of another is a question of fact, to be determined by the trier of fact. West Haven Sound Development Corp. v. West Haven, 201 Conn. 305,311, 514 A.2d 734 (1986), on appeal after remand, 207 Conn. 308,541 A.2d 858 (1988) . . . Some of the factors which should be considered in determining whether someone is acting as an agent are:
 "(a) the extent of control which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or workmen supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is a part of the regular business of the employer; (i) whether or not the parties believe they are creating the relation of master and servant; (j) whether the principal is or is not in business." 1 Restatement (Second), Agency § 220, p. 485-86 (1958).
"The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence if the right to control the means and methods of work." (Citation omitted; internal quotation marks omitted.) Silverberg v. Great Southwest Fire Ins. Co.,214 Conn. 632, 639, 573 A.2d 724 (1990). "[A]n independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." Id.
The defendant, National Grange, has the burden of showing that there is no genuine issue as to the status of Glenn Riccardi as an agent, employee or independent contractor. The affidavit submitted by Kathleen Agresti states that National Grange does not have an office in Connecticut and the company does not have any adjusters in Connecticut. Glenn Ricardi was CT Page 4872 an employee of O'Neill Schultze, Adjusters, who had no affiliation with National Grange. At no time was Glenn Riccardi an employee of National Grange which provided no office space or facilities for O'Neill 
Schultze or Glenn Riccardi. National Grange had no input into the hours or methodologies of either O'Neill Schultze, Adjusters or Glenn Riccardi. Although the complaint alleges that Glenn Riccardi was acting as an agent of National Grange, he is explicitly identified as an employee of O'Neill Schultze, Adjusters, which was an adjusting company hired by National Grange.[4] Glenn Riccardi is further identified in the complaint as a representative of the adjusting company, not National Grange.[5]
The plaintiff has not submitted any evidence which disputes the facts submitted by National Grange. The affidavit submitted by the plaintiff states that Glenn Riccardi represented himself as acting on behalf of National Grange and she believed him to be a representative of the insurer. The plaintiff appears to be raising the concept of apparent authority. "The rules that govern the determination of apparent authority in an agent require an examination of the acts of the principal, rather than of the agent. Apparent authority is that semblance of authority which a principal, through his own acts or inadvertencies, causes or allows third persons to believe his agent possesses. . . . Apparent authority is to be determined not by the agent's own acts but by those of the principal." (Citations omitted; internal quotation marks omitted.)City of New Haven v. Local 884, Council 4, 44 Conn. App. 764, 769,694 A.2d 417, cert. denied, 241 Conn. 915, 696 A.2d 984 (1997). The plaintiff has not alleged that National Grange, in any way, lead her to believe that Glenn Riccardi was its employee or agent. Rather, any belief she may have had is alleged to have come from Glenn Riccardi.
The plaintiff finally claims that the investigation of claims by insurance companies is a nondelegable duty. The plaintiff cites a section of the Connecticut Unfair Practices Act for this proposition.[6]
Although the act does define, as unfair insurance practices, certain prohibited actions in connection with the prompt and reasonable investigation of claims, in no way does the act support the proposition for which it is cited by the plaintiff. If the claim of the plaintiff was based on an unfair insurance practice, as defined by the act, for which an insurer was attempting to escape liability by delegating the responsibility to an independent contractor, the plaintiff's position would be more plausible. The plaintiff's claim, however, in no way involves the practice of prompt or reasonable investigation of claims or any insurance practice prohibited under the act. The plaintiff's claim is based on an allegation of negligence in failing to secure, or failing to make safe, a hole and an allegation of a private nuisance resulting therefrom. CT Page 4873
When the defendant submitted its evidence supporting its position that Glenn Riccardi was acting as an independent contractor and not acting as an agent of National Grange, it was incumbent on the plaintiff to submit evidence by way of testimony, affidavit or other competent evidence showing that there was a genuine issue as to the status of Glenn Riccardi. The plaintiff has not sustained this burden. Even viewing the facts in the light most favorable to the plaintiff, the plaintiff has not shown that there is a genuine issue, based on the facts presented, that Glenn Riccardi was not acting as an independent contractor.
 CONCLUSION
Based upon the foregoing, the defendant, National Grange Mutual Insurance Company's, motion for summary judgment, as to the third and fourth counts, is granted.
____________________ HOLDEN, J.