[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STAY
The plaintiff, Eugene P. Grisanti, has filed an "application for discharge or reduction of mechanic' s lien" against the defendant, Round Hill Properties, Ltd. The plaintiff claims that the contract on which the lien is based fails to comply with two provisions of the Home Improvement Act (HIA), General Statutes § 20-429, et seq. Therefore, according to the plaintiff, the contract is voidable at his option.
The defendant has filed a motion to stay the application pending arbitration. Specifically, the defendant points to section 4.5.1 of the subject contract which provides: "[a]ny controversy or [c]laim arising out of or related to the [c]ontract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association."[1]
The plaintiff has filed an opposition to the motion to stay based on three grounds: (1) "[T]he parties never agreed that the enforceability of their home improvement contract . . . should be referred to arbitration . . . [;] (2) [T]he contract and its arbitration clause are unenforceable because [the contract] CT Page 2551 violates [the HIA; and] (3) [the plaintiff] is entitled to an immediate determination of the validity of the [defendant's] mechanic's lien under the [c]onstitutions of the United States and Connecticut."
The first issue before the court is whether this court is the proper forum to determine if the plaintiff's claim is arbitrable. "Arbitration is a creature of contract. It is the province of the parties to set the limits of the authority of the arbitrators, and the parties will be bound by the limits they have fixed. . . . Whether the parties have agreed to submit to arbitration not only the merits of the dispute but the very question of arbitrability, as well, depends upon the intention manifested in the agreement they have made. . . . The intent to submit the question of arbitrability to an arbitrator may be demonstrated in an agreement by an express provision or by the use of broad terms." (Citation omitted; internal quotation marks omitted.) TurnerConstruction Co. v. Eppoliti, Inc., 28 Conn. App. 139, 142-43,609 A.2d 1064 (1992).
In Turner, because the contract did not contain "exclusionary language removing the question of arbitrability from the arbitrator's domain," the court held that such a question of arbitrability should have been decided by an arbitrator. TurnerConstruction Co. v. Eppoliti, Inc., supra, 28 Conn. App. 144.
In the present case, the contract language, as indicated above, is extremely broad. Further, the contract does not contain exclusionary language removing the question of arbitrability from the arbitrator's domain. The question of arbitrability, therefore, is best left for an arbitrator to decide. Nevertheless, the court is compelled to address the arguments made by the plaintiff.
The plaintiff first argues that the court should deny the defendant's motion to stay because "[T]he parties never agreed that the enforceability of their home improvement contract . . . should be referred to arbitration." The plaintiff relies onJudelson v. Christopher O'Connor, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 371181 (April 4, 1995) (Booth, J.), 14 CONN. L. RPTR. 188, as authority for the proposition that "[T]he issue of unenforceability is arbitrable only if the parties manifest an intent that such issue is to be resolved by arbitration." CT Page 2552
The court agrees that Judelson is similar to the present case. There, the court was faced with an application to enjoin arbitration and to stay a pending arbitration hearing. The plaintiff in Judelson argued that the fact that the contract probably was invalid under the HIA rendered the arbitration provision unenforceable. The arbitration provision there was as broad as the provision in the present case. The Judelson trial court agreed with the plaintiff, however, and granted the motion.
The court in Judelson stated that it was "not faced with the normal situation of a general submission to arbitration but rather is faced with the question of the validity of the underlying contract." And, because the arbitration clause "while general with regard to all matters under the contract, contains nothing that suggests that matters surrounding the execution of the contract or its possible violation of public policy should be submitted to the arbitrators." Judelson v. Christopher O'Connor,Inc., supra, Superior Court, Docket No. 371181.
The Judelson court, however, overlooks appellate precedent stating that the "parties will be bound by the limits they have fixed." Turner Construction Co. v. Eppoliti, Inc., supra,28 Conn. App. 142. In the absence of "fixed limits," the intention of the parties to arbitrate "[a]ny controversy or [c]laim arising out of or related to the [c]ontract, or the breach thereof" includes issues of arbitrability; see Turner discussion supra;
and, in this court's view, the enforceability or validity of the underlying contract.
The plaintiff also relies on Skolnick Sons v. Heyman,7 Conn. App. 175, 508 A.2d 64, cert. denied, 200 Conn. 803,510 A.2d 191 (1986), to support the proposition that since "the arbitration provision, [in the present case], is silent as to [the] issue of the making or enforceability of the [c]ontract, an agreement to arbitrate this issue cannot be implied." Skolnick Sons v. Heyman, however, is not authority for such a proposition. The court in Skolnick was concerned only with whether an agreement to arbitrate actually existed. The court held that: "An agreement to arbitrate must be clear and direct and not depend on implication." Skolnick Sons v. Heyman, supra, 7 Conn. App. 179. This holding has no affect on the present case.
A similar argument, and the argument of greatest concern to the court, is the plaintiff's second argument: that the arbitration clause is unenforceable because the contract is CT Page 2553 unenforceable due to the fact that it violates the HIA.
In Glen Gate Company v. Driscoll, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 286203 (May 4, 1992) (Katz, J.), 6 CONN. L. RPTR. 386, the court stated that "where there is no real dispute as to the invalidity of the contract, the plaintiff's request for arbitration under the contract must be denied." The court in Glen Gate reasoned that a prerequisite to determining whether an HIA contract dispute was arbitrable was to answer the question of whether the subject contract complied with the requirements of the HIA. This question, according to the GlenGate court, is a question of law to be answered by the court. The court there relied on two 1950's trial court decisions in support of its conclusion.
This court is concerned that it would be ignoring several long standing axioms of arbitration law if it were to reach the same result as the Glen Gate and Judelson courts. First, it is well established that "our courts have wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. . . . Courts favor arbitration as a means of settling differences. . ." City of New Haven v. Local884, Council 4, 237 Conn. 378, 390 n. 8, 677 A.2d 1350 (1996).
"[J]udicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance. . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." White v. Kampner, 229 Conn. 465,473, 641 A.2d 1381 (1994).
In the present case, the plaintiff is not arguing that it did not agree to the arbitration provision of the contract. Rather, the plaintiff argues, in an effort to discharge a lien, that the contract is void due to its non-compliance with the HIA. The court simply cannot reach the issue of the validity and enforceability of the contract at this juncture. This court's inquiry is "strictly confined to the question whether the reluctant party did agree to arbitrate the grievance. "With this in mind, the court finds that the plaintiff did agree to arbitrate any dispute arising from the subject contract, including issues of arbitrability and enforceability. CT Page 2554
The plaintiff's third argument revolves around his constitutional right to a timely hearing. Specifically, the plaintiff argues that the defendant is attempting to create a "[c]atch-22" situation for him "by not demanding arbitration and then attempting to stay the present [a]pplication pending an arbitration that does not exist and which it has avoided initiating." The court safely assumes, however, that based on this decision and the defendant's representations at oral argument, arbitration will be initiated. Therefore, the court need not address this final argument.
Based on the above discussion, the court holds that this matter should be sent to arbitration. The defendant's motion to stay, therefore, is granted.
D'ANDREA, J.