## CLIFFORD THIER ET AL. *v.* RICHARD W. KENYON ET AL.

Superior Court, Judicial District of Hartford
File No. CV-05-4007354S

Memorandum filed April 25, 2005

*Stanger & Arnold, LLP,* for the plaintiffs.

*Morrison, Mahoney & Miller, LLP,* for the named defendant et al.

*Robert A. Demarco,* for the defendant John A. Gagliardi et al.

BEACH, J. The present controversy may be simply stated: whether an arbitration clause in a contract for a new home is enforceable when the contractors seeking to enforce the clause were not at all relevant times properly licensed pursuant to the New Home Construction Contractors Act, General Statutes § 20-417a et seq. (act). The plaintiffs, homeowners Clifford Thier and Denise Kafka, have sought damages as a result of various problems arising from the construction of a home. Two of the defendants, John A. Gagliardi and Construction Resources, Inc., have moved for a stay of the proceedings pending arbitration. The parties have agreed

that the construction agreement attached to the pleadings is genuine, at least for the purpose of this motion, and it does indeed contain rather intricate provisions for alternative dispute resolution. Suffice it to say for our purposes that the contract language provides for arbitration of "any claim arising out of or related to the contract."[1] At the hearing of this matter on April 11, 2005, the parties asked the court to rule on the motion for a stay on the factual premise that neither Gagliardi nor Construction Resources, Inc., were licensed pursuant to the act.[2] The subject for the time being, then, has been reduced to the purely legal issue of whether an arbitration clause[3] in a home construction contract is enforceable by the contractor when the contractor is not licensed.

The general issue of the ability of persons who should have obtained occupational licenses but did not has been discussed at length in a variety of contexts. See, e.g., *Solomon* v. *Gilmore*, 248 Conn. 769, 731 A.2d 280 (1999) (court would not grant relief to unlicensed secondary mortgage lender in action brought to enforce contract); *Fenney* v. *Pattison Bros., LLC*, Superior Court, judicial district of New Haven at Meriden, Docket No. CV-01-0277248 (October 1, 2001) (30 Conn. L. Rptr. 456) (*Booth, J.*) (court would not enforce arbitration clause in contract executed by unlicensed home improvement contractor). In a factual situation reasonably analogous to that of the present case, Judge Shapiro declined to enter a stay for the purpose of

---

[1] There is, then, a broadly worded, unrestricted submission clause, which, so far as it is relevant, is consistent with *Nussbaum* v. *Kimberly Timbers, Ltd.*, 271 Conn. 65, 856 A.2d 364 (2004).

[2] It should be noted that other reasons were advanced in the briefs. The other reasons require factual determinations and are specifically not ruled on in this memorandum of decision.

[3] Again, there is more than one clause pertaining to the dispute resolution procedures. For simplicity, however, the court shall refer to the set of provisions as "the arbitration clause."

arbitration where a contract was entered into by an unlicensed new home construction contractor. *Wilson Building & Design Associates, Inc.* v. *Vanderkerckhove*, Superior Court, judicial district of Middlesex, Docket No. CV-01-0096157 (January 25, 2002) (*Shapiro, J.*); but see *Grisanti* v. *Round Hill Properties, Ltd.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-97-0160887 (March 12, 1998) (21 Conn. L. Rptr. 409) (*D'Andrea, J.*) (unrestricted submission clause will compel arbitration of home improvement contract even if contractor unlicensed). At the risk of overgeneralization, it is probably fair to summarize the decisions by noting that the legislature, by virtue of the various acts protecting consumers, has created licensing schemes. The public policy of the state has been stated strongly enough so that the courts simply will not enforce contracts entered into in contravention of the regulatory schemes.

The act contemplates a fairly typical regulatory scheme. Especially relevant here is the proscription of General Statutes § 20-417d (d) that "[n]o person shall . . . (5) engage in the business of a new home construction contractor or hold himself or herself out as a new home construction contractor without having a current certificate of registration . . . ." Judge Shapiro held in *Wilson Building & Design Associates, Inc.*, that the policy prevented the court from providing relief to an unlicensed contractor seeking arbitration pursuant to a clause of the pertinent contract.

Judge Shapiro did not, however, have the benefit of the recent Supreme Court decision in *Nussbaum* v. *Kimberly Timbers, Ltd.*, 271 Conn. 65, 856 A.2d 364 (2004). In *Nussbaum*, a new home construction contract was executed by a licensed contractor; the contract did not, however, contain many of the clauses required by the act. Id., 70. Citing an arbitration clause

in the contract, the defendant filed a demand for arbitration, and the plaintiff filed an application in the Superior Court for an order staying arbitration. Id., 68. The trial court found that several of the required terms were not in the contract but that the contract was not, thereby, "void." Id., 70.

The Supreme Court affirmed the judgment of the trial court. Id., 78. Although recognizing the public policy requiring regulation of new home construction contractors, the court focused attention on General Statutes § 52-408, which provides in relevant part that "[a]n agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract . . . or any part thereof . . . shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally." The court then recognized that there was also a strong policy favoring arbitration and that the legislature specifically had provided that arbitration clauses would be enforced unless they are "void for reasons that involve the formation of that agreement, such as duress, misrepresentation, fraud or undue influence." *Nussbaum* v. *Kimberly Timbers, Ltd.*, supra, 271 Conn. 74. The court further stated that arbitration clauses within contracts are, in effect, separate and distinct agreements. Id., 75. The court's holding then was that "because the arbitration agreement is separate and distinct from the underlying contract . . . and because the plaintiffs' claim that the contract is unenforceable does not pertain to the validity of the arbitration agreement itself, the claim plainly falls within the scope of the arbitration agreement and must be decided in the first instance by the arbitrator." (Citation omitted.) Id., 78. The court noted that it is not unusual for courts to consider public policy issues after they have been decided by arbitrators. Id., 75 n.7.

If the set of arbitration clauses in the present case is deemed to be separate and distinct contracts, as *Nussbaum* apparently directs, it is difficult to see how the licensing problem creates an inability to enter into *any contract.* The lack of a license may render unenforceable many of the provisions of the contract and arguably may prevent a contractor from lawfully entering into a contract to build a home, but it does not prevent a contractor from entering into an arbitration contract. If, in effect, the arbitration clauses constitute an entirely separate contract, which is what *Nussbaum* certainly seems to hold, then, at least on the facts apparent at this point, the arbitration clauses are enforceable.[4]

The court holds then, on the limited facts before it at this time, that the absence of a license does not, in itself, prevent enforcement of the arbitration clause. There may be other reasons why the contract is void or voidable, which will not be addressed at this time. The motion for a stay is, then, granted. The court will grant a motion for reconsideration if other facts are presented that support one or more of the grounds available to contest the formation of the arbitration contract.

---

[4] The court notes that one could plausibly argue that *Nussbaum* was different because the contractor there at least was licensed, could lawfully participate in the new home construction business and was eligible to enter into contracts. It was only the particular contract that was apparently deficient because it lacked required provisions. In the present case, in contrast, there was no license, so it could be argued that the contractor was incompetent to enter into the contract that was therefore void because of a defect in its formation—the sort of defect that statutorily avoids enforcement of arbitration clauses. General Statutes § 52-408. Although that is not a bad argument, it breaks down because *Nussbaum* certainly seems to view the problem in the context of two separate contracts, and it does not require a license of any kind to agree to arbitrate.