AFSCME, COUNCIL 4, LOCAL 704 *v.* DEPARTMENT
OF PUBLIC HEALTH
(SC 17120)

Borden, Norcott, Katz, Vertefeuille and Zarella, Js.

Argued November 29, 2004—officially released February 1, 2005

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (defendant).

*J. William Gagne, Jr.*, with whom, on the brief, was *P. Jo Anne Burgh*, for the appellee (plaintiff).

*Opinion*

KATZ, J. The principal issue in this certified appeal[1] is whether the plaintiff, American Federation of State,

---

[1] We granted the defendant's petition for certification to appeal limited to the following issues: Did the Appellate Court properly reverse the judgment of the trial court, which found that (1) the parties to the arbitration jointly had waived, by conduct or agreement, the deadline for rendering a decision, and (2) the plaintiff had waived its right to claim the award was untimely? *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, 267 Conn. 908, 840 A.2d 1170 (2003). Because our resolution of the second issue is dispositive, we need not decide the first issue.

County and Municipal Employees, Council 4, Local 704, waived the right to challenge an unfavorable arbitration award as untimely when it expressly granted the arbitrator's request for a time extension to render his decision, while the defendant, the department of public health, remained silent with respect to the arbitrator's request. The defendant appeals from the Appellate Court's reversal of the judgment of the trial court, which had denied the plaintiff's application to vacate the award and granted the defendant's cross application to confirm the award. *AFSCME, Council 4, Local 704* v. *Dept. of Public Health*, 80 Conn. App. 1, 14, 832 A.2d 106 (2003). Specifically, the defendant claims that the Appellate Court improperly concluded that the plaintiff's unilateral grant of the time extension had been ineffective in the absence of the defendant's consent and, therefore, could not constitute a waiver of the right to challenge the untimeliness of the award. We agree with the defendant and, accordingly, we reverse the judgment of the Appellate Court.

The Appellate Court's opinion sets forth the following relevant facts and procedural history as provided in the trial court's memorandum of decision. "The [plaintiff] requested arbitration of a grievance against the defendant . . . pursuant to § 9 (c) of the collective bargaining agreement (agreement) between the [plaintiff] and the state of Connecticut. That section provides in relevant part: 'The Arbitrator shall render his/her decision in writing no later than thirty (30) calendar days after the conclusion of the hearing unless the parties mutually agree otherwise.'

"The arbitrator conducted hearings from May 5 through August 29, 2000, and the parties submitted post-hearing briefs on unspecified dates thereafter. . . . [T]he arbitrator was informed by a letter [dated January 3, 2001, and] signed by both parties that the agreement's thirty day time restriction for an award had passed and

that his services in the matter were therefore terminated.[2] The arbitrator's January 5, 2001 letter of response addressed both parties and requested an extension from each, stating: 'I have never had the parties refuse to extend a deadline for an award to be due. [I will issue the award upon the request of either party.]'

"On January 16, 2001, the [plaintiff] sent a letter to the arbitrator and granted his request for an extension.[3] The arbitrator rendered his award on the same day, January 16, 2001, finding against the [plaintiff's] position. The [defendant] did not respond to the arbitrator's request for an extension before he rendered the award. The [plaintiff] then sought to vacate the award by application to the [trial] court dated February 7, 2001, pursuant to General Statutes § 52-418,[4] arguing that the arbitrator had exceeded his authority by issuing an award after the contractual deadline had passed in the absence of a mutual agreement for an extension from the parties. On November 6, 2001, the [defendant] filed a motion to confirm the arbitration award.

"In its memorandum of decision, filed April 11, 2002, the [trial] court denied the [plaintiff's] application to vacate, concluding that the parties had waived the

[2] The joint letter signed by the parties provided in relevant part: "As you have failed to comply with the contractual requirement to render a decision within thirty (30) days, any decision you render will be void. You have failed to request an extension. Please be advised that since you have not completed the assignment, please do not invoice either party."

[3] The plaintiff's letter provided in relevant part: "[I]t is [our] position that you were not notified we were going to enforce the thirty day response time issue. A review of [the] notes and the exhibits reflect that it was not brought to your attention either during the hearings or the subsequent briefs of the respective parties. *Therefore, your request for an extension is granted. Please submit the award forthwith.* We will forward payment for [our] portion of your bill upon receipt of the award." (Emphasis added.)

[4] General Statutes § 52-418 (a) provides in relevant part: "[T]he superior court . . . shall make an order vacating the award . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

agreement's deadline by failing to inform the arbitrator of its existence. The court also determined that the [plaintiff's] January 16, 2001 letter operated as a waiver of its right to challenge the timeliness of the award. The [plaintiff] then asked the court to clarify whether the April 11, 2002 decision controlled with respect to the [defendant's] motion to confirm the arbitration award. On May 1, 2002, the [trial] court rendered judgment in accordance with the arbitration award pursuant to the April 11, 2002 decision." *AFSCME, Council 4, Local 704* v. *Dept. of Public Health,* supra, 80 Conn. App. 3–4.

The plaintiff subsequently appealed to the Appellate Court, which reversed the trial court's judgment. The Appellate Court concluded that the trial court's factual finding that the parties had waived the thirty day deadline by failing to notify the arbitrator of the deadline was clearly erroneous in light of their joint letter of January 3, 2001, terminating the arbitrator's services for failure to deliver a timely decision. Id., 6, 11. Specifically, the Appellate Court stated that the plaintiff's subsequent grant of the arbitrator's request for a time extension "did not change the fact that the deadline had passed or the fact that the arbitrator already had been discharged by both parties for that reason." Id., 10. The court further reasoned that the defendant's silence upon receipt of the plaintiff's letter did not amount to consent or mutual agreement. Id., 12–13. Finally, the court determined that, although the plaintiff's hands were "not entirely clean in this matter"; id., 14; its unilateral grant of the arbitrator's request could not constitute a waiver because the agreement required mutual consent for the extension to be effective. Id., 13–14. Accordingly, the Appellate Court concluded that, because the arbitrator had exceeded his powers by issuing a late award without mutual agreement by the parties to

extend the deadline, the award must be vacated pursuant to § 52-418. This certified appeal followed.

On appeal, the defendant claims that the Appellate Court improperly concluded that the plaintiff's grant of the arbitrator's request for a time extension did not constitute a waiver of the plaintiff's right to challenge the award as untimely.[5] Specifically, the defendant contends that: (1) the Appellate Court's conclusion is in conflict with the established waiver doctrine; and (2) basic principles of equity and fairness should bar the plaintiff from contesting the award as untimely given its conduct preceding the issuance of the award. In response, the plaintiff contends that its conduct could not constitute a waiver of its right to challenge the award as untimely because its unilateral grant of a time extension was ineffective without the defendant's consent. We agree with the defendant.

Before addressing the merits of the defendant's claim, we set forth the standard for our review. Waiver is a question of fact. *New York Annual Conference of the United Methodist Church* v. *Fisher*, 182 Conn. 272, 300, 438 A.2d 62 (1980). "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Therefore, the trial court's conclusions

---

[5] In its brief to this court, the defendant also claims that the Appellate Court improperly concluded that the parties had not jointly waived the award deadline. As we previously noted; see footnote 1 of this opinion; we need not reach this issue. The defendant also contends that the plaintiff cannot assert that it was harmed by the arbitrator's untimely award because the plaintiff had waived its objection to the lapsed deadline and it cannot vicariously assert the defendant's lack of consent for its own benefit. For the reasons set forth in this opinion, we need not address this assertion as an independent claim.

"must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." *Laske* v. *Hartford*, 172 Conn. 515, 518, 375 A.2d 996 (1977).

"Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . [V]arious statutory and contract rights may be waived. For example, statutory time limits may be waived." (Citations omitted; internal quotation marks omitted.) *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, 237 Conn. 378, 385–86, 677 A.2d 1350 (1996). "Waiver is based upon a species of the principle of estoppel and where applicable it will be enforced as the estoppel would be enforced." *Coombs* v. *Larson*, 112 Conn. 236, 247, 152 A. 297 (1930). "Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . ." (Internal quotation marks omitted.) *Boyce* v. *Allstate Ins. Co.*, 236 Conn. 375, 383–84, 673 A.2d 77 (1996). "Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Citation omitted; internal quotation marks omitted.) *Hensley* v. *Commissioner of Transportation*, 211 Conn. 173, 179, 558 A.2d 971 (1989).

This court previously has applied the principles of waiver and estoppel to an arbitration proceeding, concluding that a party to the proceeding implicitly waived its right to vacate an arbitration award under § 52-418 (a) by its affirmative conduct. *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, supra, 237 Conn. 384. In that case, the plaintiff city sought to vacate an arbitration award rendered in connection with a grievance filed by the defendant union on behalf of a city

employee. Id., 380. The city claimed that the state media-
tion and arbitration board had committed misconduct
in refusing to grant the city's attorney a continuance
after he suddenly became ill. Id., 381. The trial court
agreed with the city, but found that its attorney had
waived the misconduct claim by continuing to negotiate
after the request for a continuance was denied. Id.,
381–82. The Appellate Court subsequently reversed the
trial court's judgment, concluding that, once a finding
of misconduct had been made, the trial court was
required to vacate the award under § 52-418. Id., 383.
In reversing the Appellate Court's judgment; id., 390;
we emphasized the importance of the conduct of the
parties in determining whether a waiver had occurred.
Id., 388. We noted that, although the city's attorney had
not waived the misconduct expressly, the trial court
explicitly had found that he continued the negotiations
"freely and voluntarily . . . ." Id., 389. After a thorough
review of the record, we concluded that this finding
was not clearly erroneous. Id.

Similarly, in the present case, the trial court's finding
that the plaintiff waived its right to challenge the timeli-
ness of the award by virtue of its conduct expressly
granting the arbitrator's request for a time extension is
supported by the record. The plaintiff sent a letter to
the arbitrator stating that, "it is the [plaintiff's] position
that you were not notified we were going to enforce
the thirty day response time issue . . . . Therefore,
your request for an extension is granted."[6] Moreover,

---

[6] As indicated by the first certified question, the plaintiff's letter to the
arbitrator, dated January 16, 2001, also raises the issue of whether the parties
had an obligation under the agreement to notify the arbitrator of the deadline
before either party may invoke it as a basis for terminating the award. See
*Middletown* v. *Police Local, No. 1361*, 187 Conn. 228, 231–32, 445 A.2d 322
(1982) (concluding that when parties imposed no deadline for rendering
award, decision is valid if rendered within reasonable time). If that were
the case, the award may have been rendered timely irrespective of any
extension by the parties. Indeed, the plaintiff essentially recognized the
parties' obligation to inform the arbitrator of the deadline. In the present
case, however, we need not decide whether such an admission also could

although the language in the agreement requiring mutual consent to extend the deadline signifies that one party's unilateral consent to a time extension would be ineffective as a waiver of the *nonconsenting party's right* to challenge a subsequent award as untimely, this language does not similarly suggest that a party's unilateral consent cannot operate as a waiver with respect to its *own* right to challenge the award as untimely. Indeed, we have recognized such unilateral waivers in other contexts. See *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 693, 577 A.2d 1047 (1990) (recognizing that waiver may validate a court judgment otherwise voidable when "the losing party has promptly sought to set aside an unfavorable judgment, only to be met by the winning party's claim of waiver by virtue of the losing party's prejudgment conduct"); id., 692 (rejecting argument that statute providing that parties may waive time limitation "invariably requires the prior consent of both parties in order to waive the time limits the statute imposes"); *Hurlbutt* v. *Hatheway*, 139 Conn. 258, 263, 93 A.2d 161 (1952) (recognizing principle that party's conduct may waive tardiness of judgment but finding no waiver); *Whitaker* v. *Cannon Mills Co.*, 132 Conn. 434, 438–39, 45 A.2d 120 (1945) (recognizing same principle and finding waiver).[7] Thus, we conclude there

preclude the plaintiff from thereafter asserting a contrary interpretation of the agreement.

[7] Although the plaintiff cites *Waterman* v. *United Caribbean, Inc.*, supra, 215 Conn. 688, in support of its position, that case is factually distinguishable. In *Waterman*, the parties concurrently asserted contrary positions in response to the trial court's request for a time extension to issue its decision, and thereafter the prevailing but previously objecting defendants attempted to consent retroactively to the time extension. Id., 690; see id., 694 ("The defendants argue that because the consent of the parties may confer personal jurisdiction upon a court, their execution of a consent following the trial judge's issuance of the late, yet favorable, judgment was sufficient to cure any defect therein. That argument would be persuasive if the defendants had remained silent prior to the late rendering of the judgment. In such a situation, the court would have continued to have had personal jurisdiction to enter a voidable judgment, and the defendants' subsequent consent would have cured the defect in the judgment."). In the present case, however, the defendant remained silent as to the arbitrator's request for an extension of time.

is sufficient evidence in the record to support the trial court's finding with respect to the plaintiff's waiver of the time limitation.

In reaching this conclusion, we are mindful of the strong public policy favoring arbitration and, therefore, the enforcement of arbitration awards. *New Haven* v. *Local 884, Council 4, AFSCME, AFL-CIO*, supra, 237 Conn. 386–87. It would not serve those interests to allow a party to an arbitration proceeding to grant expressly the arbitrator's request for a time extension, presumably with the expectation of a favorable award, and then permit that party to invoke that untimeliness as a basis for vacating an unfavorable award. See *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 616, 236 A.2d 466 (1967) (waiver doctrine precludes parties from anticipating favorable decision while reserving right to impeach it or set it aside if it comes out against them for cause known well in advance of issuance of unfavorable decision). Fittingly, in the present case, the doctrine of waiver and estoppel should bar the plaintiff from contesting the untimeliness of an unfavorable award in light of its conduct. See *Boyce* v. *Allstate Ins. Co.*, supra, 236 Conn. 384 (noting that equitable estoppel " 'show[s] what equity and good conscience require, under the particular circumstances of the case' "). Accordingly, we conclude that the Appellate Court improperly concluded that the plaintiff's unilateral grant of the arbitrator's request for an extension was ineffective in the absence of the defendant's consent, and therefore could not amount to a waiver of the plaintiff's right to challenge the untimeliness of the award.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.