COLLEEN WIELE *v.* BOARD OF ASSESSMENT
APPEALS OF THE CITY OF BRIDGEPORT
(AC 30639)

Flynn, C. J., and Harper and Mihalakos, Js.

Argued October 26, 2009—officially released March 2, 2010

*Russell D. Liskov*, associate city attorney, for the appellant (defendant).

*Robert C. Koetsch II*, for the appellee (plaintiff).

*Opinion*

HARPER, J. The defendant, the board of assessment appeals of the city of Bridgeport, appeals from the judgment rendered by the trial court ordering it to make

repayment to the plaintiff, Colleen Wiele, for money the city of Bridgeport took from the plaintiff's bank account to satisfy an illegally assessed personal property tax. Specifically, the defendant claims that the court improperly rendered judgment in favor of the plaintiff after determining that the defendant had waived the statute of limitations defense available to it under General Statutes § 12-119. We agree with the defendant that the finding of the court that the defendant waived its statute of limitations defense is clearly erroneous. The judgment is reversed, and we remand the matter for further proceedings consistent with this opinion.

The following facts and procedural history are taken from the record and the decision of the court. The plaintiff and her husband previously resided in Bridgeport. While residing in Bridgeport, the Wieles owned a truck that was registered with the department of motor vehicles. In the summer of 1992, the Wieles sold their Bridgeport home and purchased a new residence in North Carolina. The Wieles moved to North Carolina and took their truck with them. They registered the truck with the North Carolina department of transportation on September 25, 1992. The plaintiff mailed the truck's Connecticut license plates back to the Connecticut department of motor vehicles and received a receipt for the returned plates. The plaintiff then mailed the receipts for the returned license plates to the Bridgeport tax assessor's office to show that the truck was no longer registered in Connecticut.

Despite the change in the situs of the truck and the residency of the Wieles, the truck was listed on the city's grand list of October 1, 1992. The Wieles, having moved out of Bridgeport, were unaware that the truck was assessed by the city. In 1999, the Wieles moved back to Connecticut and have since resided in Stratford. At some point thereafter, the Wieles learned that the

truck had been assessed on October 1, 1992, and that there were outstanding taxes owed to the city for that year. After becoming aware of the 1992 assessment, the plaintiff attempted, informally, to resolve the issue with city officials, offering proof that she and her husband had been residents of North Carolina and that the truck was located and registered in North Carolina on October 1, 1992. The protests of the plaintiff, however, rang hollow with the officials she contacted, and the city issued a tax warrant on July 13, 2006, for the amount of $1668.65. This amount was removed from the plaintiff's bank account by the city.

Thereafter, the plaintiff appealed the assessment to the defendant. On April 11, 2007, the defendant issued a letter denying the plaintiff's appeal without explanation. In its letter, the defendant advised the plaintiff that she had sixty days from which to appeal its denial.

Pursuant to General Statutes § 12-117a, the plaintiff appealed from the decision of the defendant to the Superior Court.[1] General Statutes § 12-117a provides in relevant part: "Any person . . . claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, with respect to the assessment list . . . to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ." At trial, the plaintiff, represented by counsel for the first time, orally amended her complaint to add a second count contesting the 1992 assessment pursuant to § 12-119. Section 12-119 "provides owners and lessees of

_____

[1] The plaintiff's husband was not a party to the plaintiff's action to recover the funds removed from her bank account.

property with a remedy to challenge a municipality's wrongful assessment of tax." *Crystal Lake Clean Water Preservation Assn.* v. *Ellington,* 53 Conn. App. 142, 148, 728 A.2d 1145, cert. denied, 250 Conn. 920, 738 A.2d 654 (1999).[2]

Although counsel for the defendant did not object to the additional count under § 12-119, he was careful to preserve the special statute of limitations defense available under that statute. The limitation in § 12-119 reads as follows: "[Application for relief to the Superior Court] may be made within one year from the date as of which the property was last evaluated for purposes of taxation . . . ." General Statutes § 12-119. On December 2, 2008, the court issued a memorandum of decision in which it concluded (1) that the defendant waived its statute of limitations defense and (2) that the city illegally assessed the Wiele's truck for taxation. The court ordered the city to make repayment to the plaintiff of the money it collected in satisfaction of the illegally assessed tax. Thereafter, the defendant filed the present appeal, challenging the determination of the court that it had waived its statute of limitations defense.

I

We first address the defendant's claim that the court improperly found that the defendant waived its statute

---

[2] The difference between a claim brought under § 12-117a and a claim brought under § 12-119 was explained by our Supreme Court in *Breezy Knoll Assn., Inc.* v. *Morris,* 286 Conn. 766, 778 n.20, 946 A.2d 215 (2008): "[Section] 12-119 requires an allegation that something more than mere valuation is at issue. It is this element that distinguishes § 12-119 from its more frequently evoked companion, [§ 12-117a]. . . . Under § 12-119, there are two possible grounds for recovery: the absolute nontaxability of the property in the municipality where situated, and a manifest and flagrant disregard of statutory provisions." (Citation omitted; internal quotation marks omitted.) "In short, § 12-117a is concerned with overvaluation, while [t]he focus of § 12-119 is whether the assessment is illegal." (Internal quotation marks omitted.) *Griswold Airport, Inc.* v. *Madison,* 289 Conn. 723, 740, 961 A.2d 338 (2008).

of limitations defense. We begin by setting forth our standard of review. "Waiver is a question of fact." *AFSCME, Council 4, Local 704* v. *Dept. of Public Health,* 272 Conn. 617, 622, 866 A.2d 582 (2005). As such, we review the court's decision to "determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . [T]he trial court's conclusions must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." (Citation omitted; internal quotation marks omitted.) Id., 622–23.

Applying this standard of review, we conclude that the finding of the court that the defendant waived its statute of limitations defense is clearly erroneous. The issue is whether the defendant intentionally relinquished or abandoned the statute of limitations defense available in § 12-119. "Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . As a general rule, both statutory and constitutional rights and privileges may be waived. . . . Waiver is based upon a species of the principle of estoppel and where applicable it will be enforced as the estoppel would be enforced. . . . Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . . Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Citations omitted; internal quotation marks omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.,* 292 Conn. 1, 57, 970 A.2d 656, cert. denied sub nom. *Bridgeport Roman Catholic*

*Diocesan Corp.* v. *New York Times Co.*, 558 U.S. 991, 130 S. Ct. 500, 175 L. Ed. 2d 348 (2009).

Quite simply, there is no evidence whatsoever that the defendant waived its statute of limitations defense either expressly or by its acts or conduct.[3] To the contrary, the defendant carefully preserved its statute of limitations defense both in its written pleadings[4] and orally before the court.[5] Accordingly, we conclude that the finding of the court that the defendant waived its statute of limitations defense was clearly erroneous.

[3] In its decision, the court came to the unsupported supposition that a municipality may be considered to have waived its statute of limitations defense to a § 12-119 action when there is a significant delay between assessment and collection of the tax. The court cited *L. G. DeFelice & Son, Inc.* v. *Wethersfield*, 167 Conn. 509, 513, 356 A.2d 144 (1975), in which our Supreme Court held that that "the limitation in § 12-119 is procedural and personal rather that substantive or jurisdictional and is thus subject to waiver." Thus, there is no doubt that a defendant must affirmatively plead the issue of limitation, and the court cannot raise the issue on its own motion. The determination of the trial court, however, that waiver may be inferred by a municipality's delay in collecting a tax is not borne out by the statutory framework governing municipal taxation of property. As the defendant's counsel duly noted at oral argument and in his brief, General Statutes § 12-164 affords municipalities fifteen years from the date on which a tax is due to collect the tax. Because our legislature has seen fit to give municipalities a lengthy window in which to collect delinquent taxes, we will not interpret a delay in collection that falls within that window as an intentional relinquishment or abandonment of the statute of limitations defense available under § 12-119.

[4] The defendant's answer to the plaintiff's appeal to the Superior Court included a section entitled "Special Defense" and made the following assertion: "The [p]laintiff is precluded from maintaining this action as it is beyond the [s]tatute of [l]imitations pursuant to Connecticut General Statutes [§§] 12-117a and 12-119." The defendant again raised the limitations issue in a posttrial brief in which it argued that "the [p]laintiff's appeal must be dismissed, as barred by the [s]tatute of [l]imitations."

[5] Toward the end of the trial, counsel for the defendant was asked whether he had any objection to allowing the plaintiff to amend her appeal to add a count to include a claim under § 12-119. The defendant's counsel replied that he had no objection and then stated the following: "But I also want it on the record that my special defense of statute of limitation should also be in there as well." The court then acknowledged that the defendant was claiming a statute of limitations defense.

## II

Having concluded that the defendant did not waive its statute of limitations defense, we next consider the defendant's request that the plaintiff's action be dismissed because it is barred by the statute of limitations. We decline to issue an order dismissing the plaintiff's action outright because, although the trial court only reached the issue of waiver, the plaintiff's substantive arguments, both before this court and the trial court, sound in equitable tolling. We are cognizant that the limitation in § 12-119 is procedural and personal rather than jurisdictional and, therefore, susceptible to equitable doctrines. Therefore, we are unwilling to foreclose the possibility that the plaintiff might overcome the statute of limitations by other equitable means.

In a posttrial brief that was submitted to the Superior Court, the defendant claimed that the last date on which the plaintiff could have brought an action contesting the assessment was October 1, 1993, one year after the date the property was last evaluated for purposes of taxation. In the brief it submitted to this court, the defendant requests that "the decision of the court [should] be set aside and the case [should be] dismissed as [the plaintiff's action] has been brought beyond the statute of limitation[s] pursuant to [§ 12-119]." In essence, the defendant's requested relief calls for us to conclude that the statute of limitations prescribed by § 12-119 began to run on October 1, 1992, the date the truck was listed on the city's grand list, and that the period in which the plaintiff could have contested the illegal assessment under § 12-119 terminated one year later, *even though the plaintiff was unaware during that time period that the city had taken action adverse to her interests.* We decline to interpret the limitation in § 12-119 in such a way.

"The law favors a rational statutory construction and we presume that the legislature intended a sensible

result." *State* v. *Parmalee*, 197 Conn. 158, 165, 496 A.2d 186 (1985). Municipalities are granted fifteen years in which to collect delinquent taxes. General Statutes § 12-164. As the defendant's counsel noted during oral argument, however, municipalities are not required by statute to notify taxpayers individually that taxes are due. Municipalities are only required to publish, at specified intervals, a general notification to the public that taxes are due and payable at a certain date.[6] Therefore, were we to accept the defendant's rigid interpretation of the limitation in § 12-119, a municipality wishing to assess and collect taxes on property that is not taxable in its jurisdiction would need only wait for one year beyond the date on which it listed the property on its grand list before taking further action to collect the tax in order to evade a § 12-119 action by invoking the special statute of limitations defense. In effect, it would be to the strategic advantage of the municipality to delay collection of an illegally assessed tax beyond a year in order to avoid putting a potential plaintiff on notice that a tax had been illegally assessed against their property. The conclusion that the defendant seeks would lead to a bizarre result whereby it would be possible for the time in which a plaintiff can challenge an illegal tax assessment to begin running and to terminate while the plaintiff is completely unaware that a municipality

---

[6] General Statutes § 12-145, which governs tax notification, provides in relevant part: "The tax collector of each municipality shall, at least five days next preceding the time when each tax becomes due and payable, give notice of the time and place at which the tax collector will receive such tax by advertising in a newspaper published in such municipality or, if no newspaper is published in such municipality, by advertising in any newspaper of the state having a general circulation in such municipality and by posting such notice on a signpost therein, if any, otherwise on a signpost in the town within which such municipality is situated, if any, or at some other exterior place near the office of the town clerk. The tax collector shall repeat such advertising within one week after such tax has become due and payable and, again, at least five days before such tax becomes delinquent. . . ."

has taken action adverse to the plaintiff's interests, namely, assessing her personal property for taxation.[7] Such a bizarre result could not have been intended by the legislature.[8]

The limitation in § 12-119 is procedural and personal rather than substantive or jurisdictional; *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* 167 Conn. 509, 513, 356 A.2d 144 (1975); and is thus subject to equitable defenses. In the plaintiff's appeal to the Superior Court from the defendant dated May 17, 2007, she claims that she took steps to inform the Bridgeport tax assessor's office that her truck was no longer located in the city and was not notified that it had been assessed until January 27, 2006. The defendant then filed an answer on June 8, 2007, in which it raised the statute of limitations defense. The plaintiff, who at the time was not yet represented by counsel, filed a reply to the defendant's

---

[7] Another hypothetical may better illustrate why we cannot accept the defendant's position. Under the defendant's rigid interpretation of § 12-119, a municipality like Bridgeport could conceivably place on its grand list the personal property of a person living in Hartford who had never been to Bridgeport and whose personal property had never been located in Bridgeport. If our hypothetical Hartford denizen did not bring suit within one year of the assessment, Bridgeport could successfully raise the § 12-119 statute of limitations defense.

[8] We note that our Supreme Court expressed similar reservations regarding a strict interpretation of the limitations period in § 12-119 in *Interlude, Inc.* v. *Skurat,* 253 Conn. 531, 754 A.2d 153 (2000). In *Interlude, Inc.,* the court ultimately found that § 12-119 was inapplicable because there was no issue regarding the assessed property value of the plaintiff's property and because the plaintiff did not own the property on the assessment date; therefore, because the court concluded that the plaintiff had not brought a § 12-119 action, the limitations period in the statute did not bar the plaintiff from seeking other relief. Id., 538. The court noted, however, that the "application of § 12-119 to the facts of this case would achieve the bizarre result that [the plaintiff] would have had only six days in which to bring this cause of action before the statute of limitations expired on October 1, 1992. We decline to construe § 12-119 to this case because [t]he law favors a rational statutory construction and we presume that the legislature intended a sensible result." (Internal quotation marks omitted.) Id., 539.

special defense on March 3, 2008.[9] In her reply, the plaintiff alleged that the defendant's special defense should not bar her claim because she "was not given an opportunity to appeal the original assessment within two years, as [she] was not notified until thirteen years later." In her brief submitted to this court, the plaintiff argues that a critical difference between her case and other situations in which our courts have interpreted the limitation contained in § 12-119 is that "in the present case *the plaintiff did not learn of the illegal tax until 2006* when [she] learned that the delinquent taxes were due." (Emphasis added.).

Substantively, the arguments of the plaintiff are the same ones that a party would make to claim equitable tolling. The doctrine of equitable tolling is accepted in our state and has been applied by our courts to limitations in other statutes. See, e.g., *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 264, 777 A.2d 645 (2001) (time requirement for filing discrimination petition pursuant to General Statutes § 46a-82 [e] not jurisdictional and subject to waiver and equitable tolling). Equitable tolling has been defined as the following: "The doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." Black's Law Dictionary (9th Ed. 2009). "The tolling of a statute of limitations may potentially overcome a statute of limitations defense. When a statute of limitations is tolled, it does not run and the time during which the statute is tolled is considered, in effect, as not having occurred. Therefore, if a statute in a particular case is tolled, it is as if the statute commenced on a later date. . . . The doctrine of equitable tolling applies in certain situations to excuse untimeliness in filing a complaint." (Citation omitted;

---

[9] The first appearance by the plaintiff's counsel was filed in the Superior Court on August 20, 2008, the same day that the trial was held regarding her appeal.

internal quotation marks omitted.) *Gager* v. *Sanger*, 95 Conn. App. 632, 638, 897 A.2d 704, cert. denied, 280 Conn. 905, 907 A.2d 90 (2006).

"[T]he interpretation of pleadings is always a question [of law] for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint [or counterclaim] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded. . . . Although . . . our jurisprudence requires us to interpret pleadings broadly, we [also] must construe them reasonably to contain all that they mean but not in such a way so as to strain the bounds of rational comprehension." (Citation omitted; internal quotation marks omitted.) *Taylor* v. *Silverstein*, 104 Conn. App. 468, 479–80, 934 A.2d 839 (2007), cert. denied, 285 Conn. 910, 940 A.2d 809 (2008). A reasonable reading of the pleadings reveals that the plaintiff made arguments consistent with the doctrine of equitable tolling. As our appellate courts have not yet had an opportunity to consider specifically whether the doctrine of equitable tolling is applicable to the limitation in § 12-119, and given our preference for a broad and realistic reading of pleadings, the plaintiff can be forgiven for not labeling her general theory as such in her pleadings. Because, however, the court did not make any determination as to whether the limitation was equitably tolled, we are unable to reach a conclusion regarding this issue. On remand, the trial court should consider the applicability of the substantive equitable theories raised by the plaintiff in her pleadings.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.